*Bullock, for appellant.*

*Rodman, for appellee.*

---

## B. B. COZINE & BRO., ETC., *v.* J. B. KENNEDY.

**Attachment—Property Subject to.**

Where machines in transit were consigned to defendant in attachment and the machines in transit were attached, and the consignees were acting only as the agents of the owners of the machines, such property should not be subjected to the payment of the agents' and consignee's debts.

**Partnership—Action in Firm Name—Remedy.**

Under the present system of pleading, if an action is brought in the firm name instead of the individual names of the partners, the defect may be taken advantage of by rule or motion requiring plaintiffs to set forth their individual names.

**Attachment—Action in Firm Name—Remedy.**

Where the claimants of attached property sued in the firm name alone, they may be required by motion or rule to give the individual names of the members of the firm.

**Attachment—Action in Firm Name—Waiver.**

Where the claimants of attached property sued in the firm name alone, the defect must be taken advantage of by demurrer, answer or motion, or it will be waived, and objection when taken must appear of record.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 5, 1873.

OPINION BY JUDGE PRYOR:

There is no doubt from the evidence as to the identity of the machines upon which appellee's attachment was levied. They were from the house of Stoll, Barrows & Co., of Cincinnati, and were consigned to Cozine & Brother at Memphis. This property was in transit when it was attached and there is no pretense that it was ever paid for by the consignees. No lien is asserted, it is true, for the purchase price for the reason that the consignees had never purchased the machines, but were to sell them only as the agents of the owners. Houston and McCallister both show conclusively that Cozine & Brother were the agents of the claimants in selling these machines and exhibit the contract by which this agency was created. The fact that Cozine & Brother failed to execute bond with surety as provided by the terms, instead of evidencing the fact that the machines were sold to them, conduces to show that the owners, Stoll, Barrows & Co., were not even disposed to rely upon their promises as agents without indemnity, and if surety was required of them as agents, it is to be presumed that they would have demanded surety when making an absolute sale. That Cozine & Brother had been buying machines of these claimants up to the time this contract of agency was made, and that Stoll, Barrows & Co. about that time ceased to do business as a firm are not such circumstances as should be held sufficient to overthrow the positive statements of Houston and McCallister as to the property in

the machines and the contract between the parties. Houston, as the agent of the claimants, went from Cincinnati to Memphis and made the contract with Cozine & Brother and there is no reason to doubt his statements with reference to it. It is true that Stoll, Barrows & Co. transferred or placed their stock in Cincinnati in the possession of the Field & Lyon Company and perhaps sold it to them about the time this contract was made; still this did not pass the title to these machines then in transitu to Memphis. That they instituted proceedings in the firm name was not made an objection in the court below and can not be taken advantage of in this court. The petition of the claimants alleges that they were selling as the agents of the Field & Lyon Company, but that the machines in controversy were the sole property of the petitioners. There is no doubt from the pleadings and proof that the machines belonged to the claimants and it was error in the court below to have subjected them or the proceeds to the payment of appellee's debt. The judgment of the court below is *reversed* and cause remanded for further proceedings consistent with this opinion.

Cozine & Brother by their appeal insist that the notes sued on were embraced in another judgment theretofore rendered between the parties; if so, that judgment has not been satisfied, and we can not decide from the facts in the present record that this previous judgment embraced the notes in controversy. The judgment as to Cozine & Brother on this branch of the case is *affirmed.*

*Allen, J. S. Butler, for appellants.*

*Clemmons & Willis, for appellee.*

### ON PETITION FOR REHEARING.

June 26, 1873.

RESPONSE DELIVERED BY JUDGE PRYOR:

The same argument is made upon the petition for rehearing that was made when the case was first considered. Prior to the adop-

tion of the Code of Practice, where the action was brought in the name of the firm without setting forth the individual names of the members, it could only be taken advantage of by special demurrer or plea in abatement. Under the present system of pleading it may be taken advantage of by rule or motion requiring the parties to set forth their individual names. A defect of parties when such defects exist must be taken advantage of by demurrer when it appears on the face of the pleading or otherwise by answer. It is urged that appellee made the objection in the court below, and that injustice has been done him by the opinion rendered in which it is said "that their objections can not be made available for the first time in this court." After a careful inspection of the record we have been unable to find where any such objection was made, and whilst this court does, and should, always take pleasure in reversing its opinions when necessary, it is certainly unjust to the court in requiring additional labor or reading a record, merely to find out, that if an objection was made at all, no entry of it is to be found. That this petition is that of a claimant of property attached does not prevent the filing of a demurrer and making it available when the pleadings show that the claimant has no cause of action, nor does it preclude the parties from requiring the claimants when the action is in the firm name by motion or rule to give the individual names of its members. When this objection is not made by demurrer answer or motion it must be regarded as waived, and when made the objection must appear of record. That the appellee does not know who composes the firm of Stoll, Barrows & Co., is now immaterial to him. It is enough for him to know that the machines are not subject to his attachment. The chancellor can have no difficulty in rendering a judgment for Stoll, Barrows & Co.

When depositions have been excluded in a cause upon exceptions the party taking them must pay the cost of taking unless this court should decide that the exceptions were not properly sustained.

Petition *overruled*.

*Allen, Butler,* for *appellant.*

*Clemmons & Willis,* for *appellee.*